IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NANCY F.,<br><br>                Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION<br><br>Case No. 2:22-cv-00590-CMR<br><br>Magistrate Judge Cecilia M. Romero |

The parties in this case consented to the undersigned conducting all proceedings (ECF 14). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record (ECF 16), the parties' initial and supplemental briefs (ECF 20, 22, 25, 36, and 37), and arguments presented at a hearing held on July 20, 2023 (ECF 34), the court concludes that the Commissioner's decision does not contain reversible legal error. For the reasons stated below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 20) and AFFIRMS the decision of the Commissioner.

### I. BACKGROUND

Plaintiff applied for DIB on March 11, 2020, alleging disability as of March 1, 2019, due to depression, anxiety, degenerative disc disease, sciatica, arthritis in bilateral hips, and insomnia

1

(Tr. 65). Following early administrative denials and a hearing, the administrative law judge (ALJ) issued an unfavorable decision on November 10, 2021 (ALJ's Decision) (Tr. 23–33; ECF 25 at 5).

At step one, the ALJ found that despite holding some employment, Plaintiff had not engaged in substantial gainful activity since March 1, 2019, the alleged onset date (Tr. 25). 20 C.F.R. §§ 404.1520(a)(4)(1), 416.920(a)(4)(1) (at step one, if a claimant is doing substantial gainful activity, the agency will find that she is not disabled). At step two, the ALJ found Plaintiff had a severe impairment of degenerative disc disease of the lumbar spine (*id.*). As to Plaintiff's alleged mental impairments, the ALJ found that Plaintiff's anxiety and depression did not cause more than "minimal limitation" in the ability to perform basic mental work and was therefore non-severe (Tr. 26). In making this determination, the ALJ specifically noted the evidence that on May 22, 2019, Plaintiff went to her orthopedic doctor, Andrew Robinson (Dr. Robinson), for lower back pain and he noted Plaintiff was taking anxiety medication (Tr. 26). Dr. Robinson indicated an adjustment disorder for which he provided medication (*id.*). The mental status examination noted normal limits with mood and affect (*id.*). At a follow-up visit on October 12, 2029, Plaintiff received refills of medication and again her mood and affect remained unremarkable (*id.*). On February 11, 2020, Plaintiff reported increased depression symptoms, but the doctor noted no limitations on her mental status (*id.*). Plaintiff presented to Dr. Robinson in October 2020 and December 2020 with some increased anxiety and depression for which Plaintiff was given medication (*id.*). The ALJ noted no significant or consistent psychiatric care other than from Dr. Robinson (*id.*). The ALJ also explained a "review of claimant's medical treatment throughout 2021

2

establishes normal psychiatric functioning, with normal mood and affect, and no signs of concentration or cognitive deficits" (*id.*).

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity (RFC) and found that she was capable of performing sedentary work with limitations as to climbing ramps, stairs, ladders, ropes or scaffolds, balancing, stooping, crouching, kneeling, crawling, exposure to moving mechanical parts, operating motor vehicles, and exposure to unprotected heights (Tr. 28). 20 C.F.R. §§ 404.1545, 416.945 (a claimant's residual functional capacity is the most she can do despite her limitations). The ALJ also stated she carefully considered all the evidence and that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record" (Tr. 29). Importantly, the ALJ stated that the evidence in the record did "not establish the claimant's mental impairments as being significant enough to impose any functional limitations" thus finding that Plaintiff's impairments were not supported by medical findings and not severe (Tr. 31). In making this determination, the ALJ looked at two state psychiatric consultants, Helen Kjolby and Julia Jacobs, who found no mental limits sufficient to warrant a severe psychiatric impairment (Tr. 31).

Given this RFC, the ALJ found Plaintiff capable of performing her past relevant work as a recruiter, officer manager, and sales manager proprietor (Tr. 32). The ALJ concluded that Plaintiff was not disabled and denied DIB (Tr. 33). The ALJ's Decision is the final agency decision for purposes of judicial review because the Appeals Council did not assume jurisdiction over the ALJ's order. 20 C.F.R. § 404.984. This appeal followed.

3

## II.     STANDARD OF REVIEW

The court reviews the ALJ's Decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

## III.     DISCUSSION

Plaintiff's argument is that the ALJ erred in finding that Plaintiff could perform her past relevant work because her non-severe mental impairments should have been factored into her RFC and had the non-severe mental impairments had been considered, she would have been precluded from her previous work (ECF 20 at 11–23). Specifically, Plaintiff argues there was no analysis or any other evaluation of Plaintiff's mental impairments other than at step two (*id.* at 15–16). Relying on the *Wells* and *Lori* cases, Plaintiff argues this is reversible error and the case must be remanded

4

for further consideration (*id.* at 17–19). *Wells v. Colvin*, 727 F.3d 1061, 1068–69 (10th Cir. 2012); *Lori v. Kijakazi*, Case No. 1:21-cv-00101-JCB, 2022 WL 2953727, at *5 (D. Utah July 26, 2022).

The Commissioner argues the ALJ's Decisions should be affirmed because the ALJ determined at steps two and four that the evidence did not establish Plaintiff's "mental impairments as being significant enough to impose any functional limitations" (ECF 22 at 1; Tr. 31).

The court held a hearing on July 20, 2023 (*see* ECF 34). During that hearing, Plaintiff raised to the court for the first time the *Farrill* case and argued that this case required the ALJ to consider mild impairments in relation to Plaintiff's past jobs. *Farrill v. Astrue*, 486 F. App'x 711 (10th Cir. 2012). The Commissioner also raised the *Terry M.* case and argued that Plaintiff's case was akin to *Terry M.* because there was a finding in step four as to the mental impairments and the ALJ did not make a determination that she relied solely on the findings of step two. *Terry M. v. Saul*, Case No. 2:19-cv-00902-DB-JCB, 2020 WL 6136172 (D. Utah Sept. 15 2020), *report and recommendation adopted sub nom. McMickell v. Saul*, No. 2:19-CV-00902-DB-JCB, 2020 WL 6135820 (D. Utah Oct. 19, 2020). Because of these cases, the court ordered supplemental briefing from both parties (ECF 35). The court timely received the parties' supplemental briefs and considers them for this ruling (*see* ECF 36 and 37).

Looking at the ALJ's Decision, the court notes that the ALJ, at step two, determined that Plaintiff's anxiety and depression were non-severe impairments with a detailed analysis supporting that finding (Tr. 26). Then, when assessing the RFC the ALJ recognized that Plaintiff claimed that she was disabled due in part to anxiety and depression (Tr 28), looked to the findings of State agency psychiatric consultants, Dr. Kjolby and Dr. Jacobs, and noted that both found Plaintiff did

5

not have a severe mental impairment (Tr. 31) The ALJ determined that Plaintiff had the "residual functional capacity to perform sedentary work" (Tr. 28), and that Plaintiff had the capacity "of performing work as a recruiter; office manager; and sales manager proprietor" (Tr. 33). The ALJ also stated that she had "included additional environmental restrictions" to Plaintiff's RFC "in contemplation of the claimant receiving a prescription for pain medications" and her physician's suggestion to refrain from operating a motor vehicle or be exposed to chemicals (Tr. 32). Plaintiff claims the ALJ erred as there was no evaluation of Plaintiff's non-severe mental impairment for these determinations. However, this assertion is not accurate.

As held in *Wells*, "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ to simply disregard those impairments when assessing a claimant's RFC and making conclusions at step four and five." 727 F.3d at 1068–69. Instead, as required by 20 C.F.R. § 404.1545(a)(2), "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not," when determining the claimant's RFC. The ALJ's requirement to consider all mental severe and non-severe impairments in the RFC determination is that there is "some discussion of mental impairments" so that a reviewing court can "find that the ALJ made the appropriate consideration of mental health concerns during the more in-depth analysis of the RFC." *Lori*, 2022 WL 2953727, at *5. The ALJ met this standard.

*Lori* is distinguishable because the court held it was lacking "some indication that the ALJ adequately considered mental impairments" as the ALJ there "failed to include any discussion of Plaintiff's mental impairments in the RFC assessment. 2022 WL 2953727, at *5. The court in this case does have some indication from the ALJ's Decision that the ALJ sufficiently considered

6

Plaintiff's non-severe mental impairments at the RFC assessment. Indeed, the ALJ discusses the mental RFC assessments of Dr. Kjolby and Dr. Jacobs who found "no mental limits sufficient to warrant a severe psychiatric impairment" and then goes on to make her own finding that "the evidence d[id] not establish the claimant's mental impairments as being significant enough to impose any functional limitations" (Tr. 31). Even so, there is further indication that the alleged mental impairments were considered by the ALJ. For example, Plaintiff raises the argument that the ALJ noted Plaintiff's medications "may impose some might limitation on her cognitive functioning" (ECF 20; Tr. 26). However, the ALJ's Decision took this into consideration and "included additional environmental restrictions" to Plaintiff's RFC determination due to receiving prescribed medication for pain (Tr. 32). Although maybe not as detailed as Plaintiff would prefer, this case is not like *Lori*, where the court found reversible error based on no discussion or indication that the claimant's mental impairments were considered.

*Farrill* is also distinguishable because there the court focused on the ALJ's failure to explain "why he chose not to include any mental limitations in the RFC, despite his previous assessment of mild limitations." 486 F. App'x at 712. As previously explained, here the ALJ stated "the evidence d[id] not establish the claimant's mental impairments as being significant enough to impose any functional limitations" (Tr. 31).

Along with this argument, Plaintiff's brief argues that Plaintiff's past three occupations which the ALJ found she could still do involved skilled work, and that "any reduction in sustained concentration and attention, reduction in applying information, dealing with others, or functioning under anxiety could preclude highly skilled work" (ECF 20 at 17). This argument also cites to

7

*Farrill* and is further fleshed out in Plaintiff's Supplemental Briefing (*see* ECF 36 at 3–4). *Farrill* cites to *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996), and states that "the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work." 486 F. App'x. at 712. However, this argument fails for the same reasons as the last. Here, the ALJ made a finding that that "the evidence d[id] not establish the claimant's mental impairments as being significant enough to impose any functional limitations," and thus the requirement in *Winfrey* was met.

Because of this court's narrow scope of review, and the fact the court here has some indication that Plaintiff's non-severe mental impairments were considered at the RFC determination, the court AFFIRMS the ALJ's Decision.

### IV. CONCLUSION

The ALJ's Decision is supported by substantial evidence and the correct legal standards were applied. The Commissioner's final decision is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 7 September 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah